IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:96-cr-90 |
| v. | : | Judge Holschuh |
| DIENTE M. ATKINS, | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

This matter is currently before the Court on the May 31, 2005 petition of the Probation Officer charging Defendant Diente Atkins with violating four conditions of his supervised release.[1] The Court held a hearing on the petition on June 28, 2007.

Following his conviction for distribution of over five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 851, Defendant was sentenced by this Court to 54 months of imprisonment on April 2, 1998. Upon release from prison, Defendant was to serve a 5-year term of supervised release.

Defendant began his original term of supervised release on January 31, 2000. While in Chicago, Illinois, Defendant committed a state drug offense on March 28, 2000. On August 18, 2000, jurisdiction over Defendant was transferred to the United States District Court for the Northern District of Illinois.[2] Defendant's supervised release was revoked on August 7, 2001 upon

---

[1] Although the Probation Officer's alleged violations are numbered one through three, he actually sets forth violations of four conditions of Defendant's supervised release.

[2] Jurisdiction over Defendant was transferred back to this Court on October 2, 2003.

him admitting that he violated five conditions of his supervised release. The court imposed a sentence of imprisonment of one (1) year and one (1) day to be followed by a term of supervised release of three (3) years and three hundred sixty-four (364) days.

Defendant's second term of supervised release began on May 31, 2002. By late autumn 2002, Defendant had absconded from supervision. On December 4, 2002, the Probation Officer petitioned this Court to issue a warrant for Defendant's arrest. In the petition, the Probation Officer stated that Defendant had violated his supervised release by failing to regularly report to his probation officer and by failing to maintain regular employment. The Probation Officer recommended that Defendant's term of supervision be revoked. An arrest warrant was issued on December 6, 2002, and Defendant was arrested on August 6, 2003. On October 7, 2003, Defendant appeared before this Court and admitted two violations of the terms of his supervised release. The Court thereafter revoked Defendant's term of supervision and sentenced Defendant to a term of eight (8) months of imprisonment to be followed by three (3) years of supervised release.

Defendant began his current term of supervised release on April 5, 2004. On May 31, 2005, the Probation Officer filed a petition asking the Court to issue a warrant for Defendant's arrest based on four (4) violations of the conditions of his supervised release. The petition states that Defendant violated his supervised release by (1) committing another crime while on supervised release, (2) failing to participate in a substance abuse treatment program, (3) using unlawful controlled substances, and (4) failing to report to the Probation Officer as directed. The Probation Officer submitted a Supervised Release Violation Report contemporaneous to his petition. In his report, the Probation Officer described the manner in which Defendant violated the terms of his supervised released and recommended that Defendant's term of supervision be revoked.

In petitioning this Court, the Probation Officer outlined violations of four (4) conditions of Defendant's supervised release with the requisite factual basis:

**#1** **Mandatory Condition: You shall not commit another Federal, state, or local crime and shall not illegally possess a controlled substance;**

On March 14, 2005, Mr. Atkins was charged with Domestic Violence (M-1) and Assault (M-1), case number 2005CRB-5936-1,-2.  The defendant was also charged with Burglary (F-4), case number 2005CRB-5935.  The complaint filed by the Columbus Police Department, alleges Mr. Atkins grabbed the victim, Kia Anderson, by the hair and he took a ring, by force, and used the ring to cut the victim's face.  Mr. Atkins used bodily force to force open a door at the victim's residence.  Atkins entered the victim's residence and pulled the telephone from the outlet.

On March 15, 2005, Atkins verbally threatened Salustiana McAllister (a former girlfriend).  Ms. McAllister stated Atkins telephoned her residence and threatened to throw a bomb through her window or shoot at her house.

On January 14, 2005, Atkins was arrested by detectives from the Franklin County Sheriff's Office.  At the time of his arrest he was in possession of 114 packets of suspected heroin.  The case remains pending a future direct indictment in the Franklin County Court of Common Pleas in Columbus, Ohio.

**#2** **Special Condition: The defendant shall participate in a program of testing and/or treatment for substance abuse, as directed by the probation officer;**

**Mandatory Condition: The defendant shall refrain from any unlawful use of a controlled substance;**

On March 14, 2005, Mr. Atkins was instructed to report to Maryhaven on March 15, 2005 at 8:30 a.m., for medical detoxification from heroin.  He failed to report as instructed.  Atkins missed an individual counseling session at Maryhaven on March 8, 2005.  Per Kroll Laboratories, urine specimens collected from Atkins on February 1, 2005, February 18, 2005, and February 22, 2005, were positive for opiates and marijuana.

**#3** **Condition #2: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month;**

> Mr. Atkins has not reported to the U.S. Probation Office since March 14, 2005. He has not completed a written monthly report form for March 2005. The defendant's whereabouts are unknown, he has absconded from supervision.

The Probation Officer twice supplemented his Supervised Release Violation Report by way of a letters to the Court dated July 28, 2005 and April 20, 2007. In these addendums, the Probation Officer provides a summary of Defendant's criminal conduct during his current term of supervised release. Regarding Defendant's arrest on January 14, 2005, the Probation Officer reports that on July 5, 2005 Defendant was indicted in the Franklin County Court of Common Pleas on one count of possession of heroin and one count of possession of cocaine, both felonies under Ohio law. On November 22, 2005, Defendant entered a plea of guilty to count 1 of the indictment, possession of heroin,[3] and he was subsequently sentenced to two (2) years of imprisonment and a mandatory $5000 fine. Defendant's driver license was also suspended for three (3) years.

The addendums also report more recent criminal activity by Defendant not contained in the Probation Officer's May 31, 2005 petition. On June 21, 2005, Defendant was arrested by the Circleville (Ohio) Police Department after it was discovered that Defendant possessed a hypodermic syringe and a plastic baggie suspected of containing marijuana. Police subsequently discovered that the plastic baggie also contained a small, white rock, which later tested positive for cocaine. After his arrest, Defendant admitted to using the syringe to inject heroin and that he had used heroin as recently as the previous day. On July 8, 2005, a Pickaway County Court of Common Pleas grand jury indicted Defendant on one count of possession of crack cocaine, a felony of the fifth degree. Defendant pleaded guilty to the charge on September 16, 2005. He was sentenced thereafter to six

---

[3] Count 2 of the indictment was dismissed.

(6) months of imprisonment to run concurrently to the sentence imposed by the Franklin County Court of Common Pleas.

As for the charges against Defendant stemming from the alleged assault on Kia Anderson on March 14, 2005, the Probation Officer reports that on October 14, 2005 a Franklin County Court of Common Pleas grand jury returned an indictment charging Defendant with domestic violence, a misdemeanor of the first degree; burglary, a felony of the second degree; and disrupting public services, a felony of the fourth degree. On March 27, 2006, the prosecuting attorney moved the common pleas court for an order of *nolle prosequi* because the victim was no longer cooperating with the prosecution.

On June 28, 2007, Defendant appeared before this Court for the hearing on the Probation Officer's petition. Defendant, who was represented by counsel, admitted at the hearing that he had violated the conditions of his supervised release as alleged by the Probation Officer. The Court finds that Defendant violated the conditions of his supervised release.

In determining the sentence to impose for Defendant's violation, the Court must consider the factors enumerated by 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e). Section 3553(a)(1) directs the Court to consider all of the facts and circumstances of the offense and the history and characteristics of Defendant. Id. § 3553(a)(1). The Court finds Defendant's conduct during his current term of supervision and his history of violating the terms of his supervised release particularly reprehensible. Defendant committed serious crimes while on supervised release. His supervised release has been revoked twice before. Furthermore, the violations of the conditions of Defendant's current term of supervision are remarkably similar to the offenses resulting in the two prior revocations. Particularly troubling is Defendant's absconding from supervision during his

current term of supervision just as he had in his previous term.  In short, Defendant's current violations and his history of supervision demonstrate significant and consistent breaches of the Court's trust.

The Court has also considered the applicable sentencing guidelines issued by the United States Sentencing Commission.  The Court concludes, however, that in this case the guidelines' recommended range of imprisonment is greater than necessary to comply with purposes set forth in § 3553(a)(2)(B)-(D).

Whereupon consideration of the above factors and all of the factors to be considered under § 3553(a), the Court hereby **REVOKES** Defendant's supervised release and **ORDERS** him committed to the custody of the Bureau of Prisons for a term of six (6) months to run consecutively to his undischarged sentences of imprisonment imposed by the Franklin County Court of Common Pleas in case number 05CR07-4404 and by the Pickaway County Court of Common Pleas in case number 2005-CR-138.  No further term of supervised release is imposed.  The Court **ORDERS** the Marshal to return Defendant to the custody of the State of Ohio for completion of his current sentences of imprisonment.

**IT IS SO ORDERED.**

**July 2, 2007**  /s/ John D. Holschuh
Date   John D. Holschuh, Judge
   United States District Court